You may be seated, please. We'll proceed with the case of Evans v. Maryland Department of Transportation, Mr. Morris. May it please the Court, I'm John Morris. I'm the attorney for Dawn McCleary-Evans. Ms. Evans is an African-American woman who on two separate occasions in November of 2009 and in March of 2010 applied for two different jobs at the State Highway Administration of Maryland. And on each of those occasions, she didn't get the position. She believed that the reason she didn't get the opinion was because she was being discriminated against because of her race and because of her gender, the combination of the two. She proceeded timely before the administrative agency and she filed her lawsuit in the district court. On November 5th of 2013, Judge Blake decided the appellee's motion to dismiss as a 12B6 motion, applying it as a 12B6 motion, finding that the allegations of the complaint were insufficient. The issue here ultimately, I think, is in the post-Bell Atlantic v. Twombly error and the Sirtuis v. Serino. Claim for relief, right? Possible? Yeah. Well, the question is, how do you do that, particularly if under Sirtuis you're not required to establish a prima facie case? In this case, we contend that even though you weren't required, that was done. Well, a prima facie case as handled by Swerkovitz was considered to be an evidentiary standard. Yes, I agree. And I think the issue we should be facing is whether the elements of a claim are adequately alleged under Title VII. Yeah. And I gather, basically, you would have a cause of action stated when a qualified person, a minority qualified person, is turned down by a board that is controlled by a white person. That's about what we have in the complaint. No, I think you have more than that in the complaint, Your Honor. What do you have more? What you have more is one that the person who received it was not of the protected class. And there is a reference that history tracks, at least counters the decision for these particular decision makers within this division. So what you have are circumstances which if what we're dealing with, using the analogy, were a pleading standard that looked like the evidentiary standard, there would be an obligation to come forward. The assertions here meet. Mr. Morris, you made a reference to the history of hires. Yes. That seems rather opaque to me yet. What does that mean? Well, what that means is that people who look like Ms. McCleary Evans weren't being hired within this division. Well, why didn't you say that? I believe that's what I thought I said. From the standpoint of what Justice Souter said in Twombly, if such an assertion can be subjected to discovery, the allegation is sufficient. Well, but you have to have a sufficient factual basis to make the claim in the first place. Rule 11 requires at least that. Well, Ms. McCleary Evans was in a position at least to see who was there, who had been hired, and she didn't see anyone there. That becomes a condition that she can allege, which if true, when added to the other considerations, raises that inference of discrimination. This is a case that begs further proof and further discovery. And as the cases may claim, the issue is whether or not, it's just whether or not the facts establish the liability, but whether the facts are sufficient to allow the party to come forward to prove the claim. And to prove the claim requires the discovery to do that. I'm interested on both statements. It's not whether they can come forward or whether what this test is whether she has stated a possible claim for release. And the question becomes is not whether the judge agrees with it, but essentially whether the circumstances are, if true, are sufficient to do that. The court was clear that in making at least the what seemingly are the clarifications of Conley v. Gibson that took place in Tromley and took place in Sierkiewicz, the court was not abandoning the notion of notice pleading. Notice pleading is here. We know what the positions were. We know who the decision makers were. Their motivation is being questioned on the basis of a record of non-hires. We know who was selected. We have two particular selections involved here, not just one in which Ms. McCleary Evans was not selected. And what we do have in detail is a record of qualification that establishes that she was if certainly was qualified for the position and certainly was in a position that the people who were hired could not be better qualified, but she was comparable. In those circumstances, there is an inference that in the absence of any further evidence coming forward from the defendant, a court using the pleading standard would be justified in arriving at a conclusion of discrimination. The facts that support that logical framework are in the complaint. The facts are sufficiently stated to allow them to be subject to discovery. Is Sierkiewicz still good law in light of Tromley and Iqbal? Well, this court said that it was in the Craddock decision of last year. Part of it, what it did, it overruled the Connolly versus Gibson standard of no fact. But it simply said that we modify it to factor in the framework of Tromley and that you basically needed the plausibility. And plausibility was not... Which is plausibility if you have to state facts that state a plausible claim, which does overrule Connolly's no set of facts. But let me clarify, which is that Tromley did not just say that. No, what it said was conclusory assertions which are not factional, meaning... Well, you don't consider those at all. You can't consider them. However, there are facts here that serve as the foundation for inferences. Facts here, Ms. McCleary-Evans was qualified. The basis for those facts are set forth in detail in the complaint. Her record of state service is set forth in the complaint. The areas of her... Basically, what you would have a claim state is that she's qualified, but she's qualified among a pool of others qualified. And she is not appointed. And you conclude that Title VII was violated because the board was controlled by a white male and the position was filled by a white male or female. Well, Your Honor, I think you're overstating our position.  Well, I think there's more in the complaint which suggests, one, if she is as qualified as is stated, and fair inference is that she's comparably qualified as the person who received the position. That essentially is what this court has held in the context of McDonnell-Douglas v. Green would be a circumstantial reasoning to sustain an allegation of discrimination. To sustain proof of discrimination. We're making it in the context of an allegation. And certainly, the pleading standard can't be more strict than the evidentiary standard. And I think that's what Craddick also suggested, that in looking at the pleading standard, the pleading standard wasn't appropriate because the district court in Craddick used Hill v. Lockheed Martin, which was a summary judgment case. And the court noted that the district court did not recognize that this was not a summary judgment context, but a pleading context. And in the pleading context, the standard is not as strict. The facts are presented. The parties are in a position to do their discovery. Do you allege she was as well qualified as the person selected? I think that can be inferred from the facts given the extensive nature of her qualifications. Why? She doesn't know. You're assuming that the person selected were not better qualified, but you can't state that. Well, Your Honor, she also can't establish that because she doesn't have discovery to do that. I understand, but we don't presume causes of action of violating statutes. You start with a pleading that makes a plausible claim that the statute has been violated. And so that you have to somehow state a claim that the decision was based on race, not on the merits. And what we've done is stated facts from which that can be reasonably inferred applying the standard. I understand the standard Your Honor is offering. I would maintain that that standard stretches the existing case law beyond where it is, that that changes the standard dramatically. I take it your focus is on the Shrucker case. And if we accept that at least to the extent that goes beyond the language of any set of facts, that the rest of Shrucker is all good law. And Justice Thomas, in writing that case, made it clear that you did not need to plead all of the elements to McDonnell in order to be able to satisfy one of his claims. You need to give fair notice. Yes. So what you need to articulate, I mean, the plausible claim aspect of it from Iqbal is there, but we've got the Shrucker case. And if it's not overruled, it's there. And Justice Thomas has given a set of facts from which we can get some guidance on in terms of what's necessary here. The question to you is how does this fit within, if we go to the Shrucker definition, or at least the standard here, how does this set of facts fit within giving fair notice? Well, it gives fair notice. It identifies the position. It identifies the plaintiff. It identifies the decision-makers. And it identifies the circumstances which would be subject to discovery on which the inference of discrimination is based. The defendant is in a position to challenge the foundation of that proof. Tell me, I just need to understand. We've got plausible claim, fair notice. Is there tension in that or is that read as the same under the Shrucker bridge? Well, I think there is inherent tension generally. And what I am suggesting for this particular case, if a court is intent on seeing the tension and being driven by the tension, the tension is going to be there. What I'm asking this court to do is to begin to reconcile the tensions that are present in those decisions. And I think the way to do it… Well, of course, that cuts against you. The question is a pretty good one. Well, Shruckowitz had a wide open pleading standard, the notice pleading notion, whereas Twombly and its line, really Iqbal, they really are saying we want more. We want you to demonstrate a plausible claim. In other words, to allege facts on which a plausible claim for relief is stated. And while there may be some criticism of that, that's now the current pleading standard. But if I may, actually the cases are saying both of those things at once. When you read Justice Souter's opinion in Twombly, what he says is in applying these general standards, we hold that stating a claim requires a complaint with enough factual matters to suggest that an agreement was made. Asking for plausible grounds to infer agreement does not impose a probability requirement at the pleading stage. It simply calls for enough fact to raise a reasonable expectation that discovery will reveal the evidence of the illegal agreement, which is the issue in that particular case. These allegations meet that standard. They identify a sphere of circumstances, identify them with sufficient particularity that you can do discovery as to those particular matters. This is not an allegation that she discriminated or they discriminated against me. It seems to me the first determination we've got to make is to what extent Swerkiewicz is still good law. Because there is tension between the decisions. But at least in so far as Twombly, Twombly specifically indicates it's not overruling Swerkiewicz. And if it's not overruling, then what is still there? So some of that's still there. But if we fall under the pleading requirements of Twombly and Iqbal, then we basically overruled it. And of course the circuits are somewhat split on this whole thing. Yes, they are. So, I mean, we're kind of dancing around it, but that's really what will drive the determination of where we go with this. And it is a question of do we read that case as being overruled by the subsequent rulings of Twombly and Iqbal, when in fact Twombly said it wasn't overruling, but then a portion of it was overruled, dealing with the inner set of facts. Let me suggest that in Swerkiewicz, what Justice Thomas was essentially saying was that the pleading requirement of McDonnell-Douglas was not a requirement to satisfy establishing a cause of action. That did not say that the reasoning... He said you didn't need all the elements of it. You don't necessarily need all the elements of it. But it did not say that that particular formulation could not be used to guide the courts in assessing plausibility. Well, that's the McDonnell-Douglas, and he pointed out immediately thereafter not every case is a McDonnell-Douglas because there may be direct evidence. But we're not talking about evidence. We're talking about a plausible claim. Yes. More than a speculation. Excuse me. There's a rationale to McDonnell-Douglas that we invoked in this complaint. The rationale in McDonnell-Douglas is under the factual circumstances articulated there, if true, it gives rise to a question that needs to be answered. It's just speculation, isn't it? No. It's no more speculation than McDonnell-Douglas allows. The people appointed were twice as qualified. Your client was qualified. But what if they were twice as qualified? You're speculating that they weren't. What I am saying is could a fair inference be made that someone as qualified, as demonstrably qualified as the facts of this case make Ms. McCleary-Evans to be, not be comparably qualified? That's a fair inference. It's not speculation. It becomes a matter that's subject and open to dispute. I thought you said you don't have any idea what the qualifications are of the people who got it. That's correct. So I can't articulate what they are. All right. I can say that my client is unduly qualified, maybe superbly qualified, and the likelihood, which isn't speculation, but goes to plausibility and goes to possibly – possibility to some extent in the statistical sense. That likelihood that you offer is not statistically likely. And that it is a fair inference. What, you mean that somebody else wouldn't be better qualified? That someone else might not be better qualified. You say that's statistically not? I think an inference can be made to that extent. The facts are stated there. My point here is the position that the court has articulated changes significantly the notice pleading that the courts uniformly say – that we wrote in Coleman fairly recently. We wrote, in this regard, while a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss C. Swierkowicz, factual allegations must be enough to raise a right to relief above the speculative level. And, Your Honor, before I'm going to sit down now because I'm getting into my rebuttal, what you've articulated from the case recently decided does not say that prima facie reasoning has no application if presented. It just says it is not the standard for guiding it. And we're asking the court to use that thinking, that reasoning, as a measure of plausibility. Okay. We have some more time on rebuttal. Thank you. Yes, sir. Ms. Watson. Thank you, Your Honor. And may it please the court, my name is Denisha Watson and I represent the Maryland Department of Transportation's State Highway Administration in this matter, which I'll refer to as SHA throughout. But as Your Honors have been discussing with Mr. Morris, certainly the case of Swierkowicz v. Surima, this circuit has interpreted it as upholding plaintiff's burden to allege facts that actually sufficiently state all the claims, all the elements of their claim. Is Swierkowicz still good law? Well, yes, Your Honor, in the sense that it's not been overturned at this point. However… Part of it has. Part of it has. But we… Partly expressly overruled part of it. Exactly, Your Honor. That part dealing with the inner set of facts. So that's not what we're talking about. I'm asking with regard to the other part about it that Justice Thomas articulated, are we to review this on a fair notice standard of Swierkowicz? Well, Your Honor, we submit that the two are not incompatible in the sense that Rule 8 still requires this showing of entitlement to relief. And in that context, we can look at the elements of the claim. Well, when Justice Thomas was going through it, and I know it was an evidentiary case, from the perspective of Spitton, nonetheless, he was going, saying that, you know, you don't have to go through all the McDonnell Douglas elements in order to do this. Basically, what you do is you give fair notice. And then once you give fair notice, you get into bringing out the evidence. Certainly, Your Honor, but we would submit that there hasn't even been fair notice of the – it's fair notice of the claims and the grounds for those claims. And here there's certainly the absence of facts means that there aren't really any grounds.  At least I understand you're saying, maybe I'll make sure I'm getting it right, that Swierkowicz controls here insofar as the level of pleading that's necessary to get this out. Well, no, Your Honor, we would submit that Iqbal and Twombly control. Over Swierkowicz. So you're saying they overrule Swierkowicz. That there may be some tension between these cases, however. Well, I need to know because I think if you look at this under Swierkowicz, then I think you've got a different case than if you look at it under Twombly and Iqbal. So what is your position? Is your position that Swierkowicz is the law? Or are you saying that Twombly and Iqbal have overruled, amended, modified, or done whatever to Swierkowicz so it's no longer the law? Our position is that Twombly and Iqbal have at least modified the Swierkowicz standard. I know it didn't without the end of the set of facts. I'm talking about the rest of it. Yes, Your Honor. However, we believe that the Swierkowicz case is still good in the sense that, again, that it applies and it removes the burden to put forth this prima facie case. However, under Iqbal and Twombly, there's still this requirement that the claim is plausible on its face for all civil pleadings. So we have circuits that go in both ways on it. So which set of circuits do you want us to go with? Well, certainly, Your Honor, we would submit that we should go with this Court's sort of analysis in Craddock, for instance, in that even though it was a close question in Craddock, it's heavily cited in the opening brief, but that even in alleging that there was the strategy and scheme of disability-based and age-based discrimination, the plaintiff there still put forth facts in her complaint to suggest that, including that her employer had trained all the younger employees to her exclusion. Is that an unpublished case you're citing? Was it? No, Your Honor. It is published. Didn't we apply Swierkowicz in that case? Or maybe I got it mixed up. Yes, Your Honor, but in the context of Twombly and Iqbal. I think we have – we fairly read our cases in Gregg, Coleman, and Giacomelli that we have clearly required more than speculation. We've required more than a possibility. We've required some pleading sufficient to show plausibility in the statement of the claim by pleading the facts. And I think we have bought into the notion that Twombly and Iqbal have added a layer of preciseness to the pleadings to demonstrate the entitlement to go forward. I'm not sure it's an open question in our circuit anymore. Certainly, we agree, Your Honor, that it's not an issue. And this Court has consistently found that there is still this obligation to offer factual enhancement of this sort of conclusion. I'm not so sure I'm clear on that one. I agree at least there is some indication that there is some tension there, but I'm not sure it's been as explicit as that. And we do have the explicit statement in Twombly that this case is not overruled. Justice Thomas wrote this case, and it's pretty straight up. Bear notice in these type of cases. I mean, they've set it out. So if we view this under the Swerkerwood standard as it is now, because I don't think we've explicitly said it's overruled, we'd have to say that at this point, which I take it we could interpret it as other circuits have done it, but we've not done that. But certainly there's some indication of panel opinions that have gone in that way, but it has not – I don't think it's as explicit as that here. Well, Your Honor, we would submit, though, that Twombly really has sort of raised the bar for complaints across the board. Oh, no question. Twombly and Iqbal have changed the standard, but that's not my – that's not where I'm going with it. I think with the attention of the Supreme Court cases, we have to look at what they've done. The Supreme Court knows what it's doing when it writes Twombly and Iqbal, and yet it says right in Twombly, we're not overruling this case. It could have simply said we're overruling, just forget it. But there's nothing there to use for – out of Swerkerwood, if we're going to say, well, it's a plausible claim and you've got to meet the McDonnell elements and it's got to state with particularity, if you do that, then you can forget Swerkerwood. Basically, you're saying it didn't know what it was doing when it said we aren't overruling it or when we're saying that part is still there. Yes, Your Honor. And they can do that, but it didn't. Correct, Your Honor. However, the complaint in this case is actually really akin to the case of Iqbal, another discrimination case. It's certainly analogous there because even there, the plaintiff in alleging discrimination based on national origin and race and the like, he made the sort of conclusory allegations that this complaint here makes, that he was subject to a malicious agreement to subject him to harsh conditions, much in the way that the complaint here alleges that the plaintiff was subjected to this discriminatory motivated panel to deny her this position, that they had predetermined to select a white male candidate or female candidate. And again, in the way that the Iqbal complaint identified the principal architects being these government agents in Ashcroft, similarly, this complaint here identifies two SHA officials as just being the architects of some sort of scheme almost, it seems like, to discriminate against her but without giving us any facts to actually support these conclusory allegations. How is a plaintiff supposed to get these facts when they can't get discovered? Well, Your Honor, we don't really feel like in this case it's fair to sort of say that the plaintiff needed discovery to make the sort of factual showing a necessary state of plausible claim. This case has gone through the EEOC administrative process. The record indicates that at least the… Or shouldn't you be saying that if she doesn't have the facts, she shouldn't bring a suit? Well, certainly, Your Honor. But she had information available to her, and certainly it doesn't seem like enough was there to actually provide facts that would support these allegations of discrimination. I mean, that was Justice Thomas in Swerkiewicz. I mean, the problem was he recognized that, you know, these are difficult cases, and he would know, I mean, having worked significantly in this area, and he sort of understood that this is an area where fair notice is sufficient because you've got to develop this, you know, because of the tension of what you're working with here. It's not like a normal type situation where you can go find stuff out. You've got to be able to discover and find out what's there. If there's nothing there, then you can…that's the end of it. But you've got to at least get over that first hurdle because of the difficulty of getting these kind of facts. Well, but, Your Honor, as the Twombly Court correctly pointed out, it's not enough that you open the doors of discovery to a plaintiff that's not really armed with data. Well, I think you win. I'm going to go with you on that. The problem I'm having is I'm not comfortable that that is the only stand that we look at. I think we have to analyze these cases under Swerkiewicz. And if you can articulate under Swerkiewicz, which I would admit, even under Swerkiewicz, it seems like it's a closed case. But I think that from my perspective, it needs to be analyzed. Well, Your Honor, again, we have a situation where there aren't really enough facts put forth. Even under Swerkiewicz, there would still be this obligation to raise at least enough facts that there would be a reasonable inference of discrimination here. Mr. Morris cited a Seventh Circuit opinion written by Judge Wood, the Swanson case, where she says basically Swerkiewicz retains its vitality in light of Twombly. This was a gender discrimination case, but essentially this is what she said. A plaintiff who believes that she's been passed over for a promotion because of her sex will be able to plead that she was, number one, employed by the company, two, that her promotion was offered, and three, that she applied and was qualified for it, and four, that the job went to someone else. And that's all she needs to plead according to the Fourth Circuit to make a claim. That's what was pled here. Why isn't that enough? Well, that's not enough, Your Honor. We believe the Swanson case is distinguishable in part because we are also dealing with a fair housing discrimination claim. And in addition, the plaintiff there – in addition, the plaintiff there actually – this was a pro se complaint. And therefore, the court was holding this complaint to a less stringent standard in addition to the Seventh Circuit's sort of not reading Ashcroft or Twombly and Iqbal into the complaint and to the standard in evaluating the efficiency of the complaint. So they got it wrong, is what you're saying? Yes, Your Honor. We believe they did get it wrong. I take it you also agree to Sixer who got it wrong in the Keyes case, then, because there's another set of bare-bone facts there. The court said satisfied it under the Cerkiewicz standard. Well, no, Your Honor, we don't. Because at least in the Keyes case, we have enough – in alleging that there had been this discriminatory pattern in the hiring and promotion and compensation of African-Americans there, at least we had facts that went to each specific category of discrimination there that the plaintiff alleged. And the court noted as much in its opinion that she detailed several specific events in each of those employment categories. So still, we have more facts there available than we actually have pled on the face of this complaint. And the Twombly court was also acutely concerned with the cost of discovery here. And opening the doors to discovery to these plaintiffs armed with just conclusory allegations. And we submit that although that was in the context of an antitrust discrimination case, that the risks of great cost here are also significant. Because we risk having an applicant pool unsatisfied with the decision that they were not selected to bring suits. Just alleging that they applied for this job, they were qualified for it without further factual enhancement, and just saying that, you know, they didn't get it because of their membership in a protected class. And again, that would open the doors to discovery to an entire applicant pool. Every time a job is advertised and people seek employment with the agencies. So, your honors, we... Did that about cover it? I believe it does, your honor. So, we respectfully ask that the court affirm the district court's dismissal of this case, finding that there was insufficient facts to state a plausible claim to relief, and affirm. All right. Thank you. All right. The court is struggling with the concepts of fair notice and plausibility in trying to reconcile the various holdings, Trombley versus Berkowitz. I would suggest, number one, as far as fair notice is concerned, we've had an appeal in which on the basis of these complaint allegations, the State Highway Commission, Highway Administration had no trouble understanding what this complaint was about and trying to knock it down. I'm having difficulty understanding where the fair notice problem is when we've been arguing about what this complaint is about for the last half hour or more and in the various pleadings in the district court. I don't know that I'm concerned about notice. I'm concerned more about the ground. Well, let me go to that one because now we go to plausibility. And I want to clarify my position as it relates to McDonnell Douglas. I'm not seeking an evidentiary outcome. I'm seeking to have plausibility as it has been articulated by Justice Souter and Trombley to be informed by the rationale of McDonnell Douglas. And in that sense, this is where I take issue with Judge – rather, Judge Niemeyer. If, in fact, you have satisfied McDonnell Douglas, the conclusion cannot be speculative. As a matter of law, it cannot be. At least that's my position. It can't be speculative, number one, because Fourth Circuit law holds that. We held that in Coleman. That was the exact language we used. And also, the Supreme Court talked about mere possibility is not enough. And I can suggest that when you read Trombley and they discuss Sirkowitz, the only thing they say about Sirkowitz is that they rejected a heightened pleading standard for Title VII cases. But they said, in contrast, we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its base. So explicitly addressing Sirkowitz, they say we're not overruling Sirkowitz. What we're stating here is that when you state a claim, you have to state a claim that has enough facts to make it plausible. They're interpreting the generalized pleading standard, not the heightened pleading standard, that the Second Circuit had used for Title VII. And that I don't agree with. That's exactly what they said here. They simply reemphasized that the Second Circuit's use of heightened pleading standard for Title VII cases was contrary to the federal rules structural of liberal pleading requirements, even though Sirkowitz's pleadings detailed, et cetera, et cetera, et cetera. And then they say, but we do require facts that state a plausible claim. Before I go sit down, I want to clarify that my position is not that you have to establish McDonnell-Douglas. My position is that you can, and if you can, invoke that rationale, the conclusion from that rationale. Stay away from McDonnell-Douglas, because I think if anything stands out, is that we don't plead on an evidentiary standard. We plead on a pleading standard. Well, let me just simply say the rationale of inferring discrimination from certain foundational facts, I'll frame it that way. That if, in fact, the law says that there can be inferences drawn from that approach, proceeding similarly in the pleading realm cannot be speculative. That's the point I want to be clear that I'm articulating. I'm not articulating that there is an evidentiary requirement that has to be met. What I'm articulating is the approach to making the assertion of discrimination grounded in the rationale that you can take foundational facts, which are set forth here, and reach a conclusion on the basis of those facts, that that cannot be speculative because that approach has been adopted and applied elsewhere by the law. And in this instance, what I'm maintaining is that Judge Blake erred in not abiding by that consistent application of reasoning to asserted fact. So in this sense, what I'm suggesting for Judge Winn is that may be a way of reconciling Swerczewicz with Trombley, which is to use this legal framework to guide what passes as plausible. And so in this case, where the record establishes the race of Ms. McCleary Evans as a member of protected class, where it establishes that she was amply qualified and the district court didn't disagree with that, where it established that she did not get the position for which she sought, and it establishes that the persons who did were not of her protected class. The only issue we have in a strict application of that reasoning is the comparability requirement and the extensive manner in which her background is set forth at the pleading stage. What we're maintaining is sufficient on that basis. But the relief we're asking for is the same relief that a panel of this court gave in the Kranich case. Thank you, Mr. Moore. Thank you. We'll come down and greet counsel and then proceed on to the last case.
judges: Paul V. Niemeyer, James A. Wynn, Jr., Albert Diaz